

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PAUL RANDALL,<br><br>　　　　　Defendant. | Case No.  2:25-mj-03689<br><br>ORDER OF DETENTION |

　　　On June 27, 2025, Defendant Paul Randall made his initial appearance on the Indictment filed in this matter. He was represented at the detention hearing by retained counsel Reuven Cohen. Mr. Randall disputed the recommendation of detention made by the Pretrial Services Report. A hearing was held, and the Court heard argument from both parties.

　　　The Court makes the following findings:

☒ On motion by the Government [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

☒ On motion by the Government [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate a prospective witness or juror, or attempt to do so.

The Court concludes that the Government is entitled to a detention hearing under § 3142(f)(2), but only based on risk of flight. The Court finds, based on the limited information presented at the detention hearing, that obstruction of justice does not apply. As to risk of flight, however, the Government has met its burden that it is entitled to a detention hearing. Specifically, as described in greater detail below, Mr. Randall has egregiously violated conditions of bond and of supervision in the past. He faces significant exposure in this case, and there are unaccounted-for monies that would fund attempts to flee the jurisdiction. Given Mr. Randall's age and health issues, his assets, and his brazen violations of conditions in the past, the Court believes that there is enough of risk of flight to support a finding that the Government has shown it is entitled to a detention hearing.

The Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

The Court finds that no condition or combination of conditions will reasonably assure: ☐ the appearance of the defendant as required.

☒ the safety of any person or the community.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger

to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the report and recommendation of the U.S. Pretrial Services Agency.

The Court bases its conclusions on the following:

Mr. Randall has been charged and convicted of fraud-related conduct going back to the early 1990s. The two most recent convictions are most relevant here: Mr. Randall was convicted in 2012 for conduct relating to illegal kickbacks for referrals of workers' compensation patients in 2009-2010. According to the plea agreement in that case, Randall's fraud scheme caused a loss of 2.5 to 7 million dollars. Mr. Randall was on bond awaiting sentencing in that case when he began a new and different kickback-related fraud scheme. When this new fraud scheme was uncovered, Mr. Randall was ordered detained on the first case. He was ultimately sentenced to 15 months in custody on that case.

After sentencing on the first case, in 2020, Mr. Randall was charged in a second case for the conduct committed while he was on bond. Mr. Randall was released on bond in the second case. He pleaded guilty to that charge in April 2022. One month after he entered that guilty plea, he began engaging in the conduct that is alleged in the instant case—a scheme that is alleged to have resulted in Medi-Cal paying out $178 million dollars in fraudulent claims. The Government alleges that Mr. Randall personally received over $32 million in fraud proceeds from this third scheme and avers that there remain significant fraud proceeds that are not accounted for.

Having at least once, and allegedly twice, executed fraud schemes while on bond and awaiting sentence, Mr. Randall has demonstrated that he is not able to comply with conditions that could be set that would mitigate the economic danger posed to the community. Having made that finding, the Court need not

independently consider whether Mr. Randall poses a risk of nonappearance or whether conditions could be set that would adequately mitigate that risk.

    IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: June 30, 2025

                                        /s/
                            BRIANNA FULLER MIRCHEFF
                            UNITED STATES MAGISTRATE JUDGE